UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JOSHUA MOORE, ) | |
| JAMES W. CLARK, JR., ) | |
| DELMAR MACK, and ) | |
| KEVIN FORMAN, ) | Case No. 1:23-cv-302 |
| ) | |
| v. ) | Judge Travis R. McDonough |
| ) | |
| TENNESSEE DEPARTMENT OF ) | Magistrate Judge Susan K. Lee |
| CORECTIONS, FRANK STRADA, ) | |
| GREGORY WILLIAMS, BRET COBBLE, ) | |
| ARAMARK, and ) | |
| JOHN DOE ) | |
| ) | |

## MEMORANDUM OPINION

Pro se prisoners Joshua Moore, James W. Clark, Jr., Delmar Mack, and Kevin Forman (collectively "Plaintiffs"), filed (1) separate motions to proceed without prepayment of fees (Docs. 1, 2, 3, 4); (2) a complaint and accompanying exhibits under 42 U.S.C. § 1983, the Religious Freedom Restoration Act, and the Religious Land Use and Institutionalized Persons Act (Docs. 5, 6); (3) a motion to certify class (Doc. 7); and (4) a motion to appoint counsel (Doc. 8). For the reasons set forth below, the Court will disallow class action status and permissive joinder of the Plaintiffs; deny Plaintiffs' motion for appointment of counsel; sever Plaintiffs Clark, Mack, and Forman from this civil action; direct the Clerk to open new, individual civil actions for Plaintiffs Clark, Mack, and Forman; and permit Plaintiff Moore to proceed as the sole Plaintiff in this civil action.

I.   **MOTION FOR A CLASS ACTION**

Plaintiffs filed a "Motion for Class Certification" (Doc. 7).  To permit this action to proceed as a class action, the Court must be satisfied that a number of grounds are met, one of which is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  But the Sixth Circuit has long held that self-represented inmates are "not able adequately to represent [a] proposed class." *Heard v. Caruso*, 351 F. App'x 1, 12 (6th Cir. 2009) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("Ability to protect the interests of the class depends in part on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.")); *see also Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008); *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001); *Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *1 (6th Cir. June 23, 2000).  Plaintiffs, who are self-represented, cannot adequately represent a proposed class as a matter of law.  Accordingly, the Court **DENIES** Plaintiffs' motion for class certification (Doc. 7).

II.  **MOTION TO APPOINT COUNSEL**

Plaintiffs move for the appointment of counsel to represent their certified class (Doc. 8; *see also* Doc. 9).  But this Court has determined that class certification is improper.  And the Court otherwise notes that pursuant to 28 U.S.C. § 1915(e)(1) "[t]he court *may* request an attorney to represent any person unable to afford counsel." (Emphasis added.). However, "[a]ppointment of counsel in a civil case is not a constitutional right[,]" but a "privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F. 2d 601, 605-06 (6th Cir. 1993) (internal citations omitted).  In determining whether "exceptional circumstances" exists, the Court considers "the complexity of the case and the ability of the plaintiff to represent

himself." *Cavin v. Michigan Department of Corrections*, 927 F.3d 455, 461 (6th Cir. 2019) (citing *Lavado*, 992 F.2d 601). Nothing in the filings before the Court indicate any of the individual Plaintiffs are incapable of adequately representing themselves. Accordingly, the Court **DENIES** Plaintiffs' motion for the appointment of counsel (Doc. 8).

### III. JOINDER DISALLOWED

The Court otherwise finds that Plaintiffs may not proceed jointly in this action. Rule 20(a)(1) of the Federal Rules of Civil Procedure allows the permissive joinder of plaintiffs in a single action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). The joinder of parties is "strongly encouraged" for purposes of judicial economy and fairness where it is appropriate. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). There are, however, significant practical problems with allowing multiple-plaintiff prisoner litigation. *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. Sept. 20, 2009). Such problems include the "need for each plaintiff to sign every pleading," the fact that prisoner litigants are "notably transitory," the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)," and the fact that multiple-plaintiff litigation "often results in pleadings being filed on behalf of plaintiffs without their consent." *Id*. These unique factors in prisoner cases "make joint litigation exceptionally difficult." *Id*. The Court finds the practical problems of multiple-plaintiff litigation cited above counsel against the permissive joinder of Plaintiffs, and Plaintiffs will not be allowed to proceed jointly in this action.

## IV. SEVERING PLAINTIFFS

Under Rule 21 of the Federal Rules of Civil Procedure, this Court may sever this action to allow each Plaintiff to proceed separately. *See* Fed. R. Civ. P. 21. The Court finds it appropriate to do so in this case. Accordingly, the Court **SEVERS** Plaintiffs Clark, Mack, and Forman from this action. The Court **DIRECTS** the Clerk to open a new civil action for each of these Plaintiffs using a copy of the complaint and exhibits (Docs. 5, 6) filed in the above-captioned case. The Court further **DIRECTS** the Clerk to transfer each Plaintiff's motion to proceed without prepayment of fees (Docs. 2, 3, 4) to their respective civil actions and file a copy of this Order in each newly opened action.[1]

## V. PLAINTIFF MOORE

This leaves Plaintiff Joshua Moore, who will proceed as the sole Plaintiff in the above-captioned case. Because it appears that Plaintiff Moore lacks sufficient financial resources to pay the filing fee in a lump sum, the Court **GRANTS** his motion to proceed without prepayment of fees (Doc. 1).

Because Plaintiff Moore is an inmate, he is **ASSESSED** the civil filing fee of $350.00. The custodian his inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee, 37402 twenty percent (20%) of his preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

---

[1] Specifically, docket entry no. 2 should be transferred to the new civil action opened for Plaintiff Clark; docket entry no. 3 should be transferred to the new civil action opened for Plaintiff Mack; and docket entry no. 4 should be transferred to the new civil action opened for Plaintiff Forman.

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff Moore is now confined. The Clerk is also **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff Moore's prison file and follow him if he is transferred to another correctional institution.

Further, Plaintiff Moore is **NOTIFIED** that the Court **WILL NOT** consider any amendments and/or supplements to the complaint or any other kind of motion for relief until after the Court has screened the complaint pursuant to the Prison Reform Litigation Act, *see, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests to amend or supplement the complaint and/or any motions filed before the Court has completed this screening.

Finally, Plaintiff Moore is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

    **SO ORDERED.**

    */s/ Travis R. McDonough*
    **TRAVIS R. MCDONOUGH**
    **UNITED STATES DISTRICT JUDGE**